## C. BREWER & CO. *vs.* G. H. LUCE, Tax Collector.

### ASSUMPSIT. BEFORE JUDD, C.J.

### FEBRUARY, 1885.

The "reserve fund" of a corporation, consisting of credits, is not taxable.

Sugar was laden on a vessel at Honolulu prior to July 1st, and the bills of lading signed and mailed to foreign consignees: the vessel sailed from Honolulu at noon of July 1st: held, that the sugar was, for purposes of taxation, still in the possession and control of the shippers, and taxable to them.

### DECISION OF JUDD, C.J.

The plaintiff corporation claims to be refunded taxes paid under protest, as follows: $172.50 for taxes on $23,000 assessed 1st July, 1884, as "reserve fund" of the plaintiffs.

Mr. P. C. Jones, president of the plaintiff corporation, testified that this amount appeared on its books as a credit derived from accumulated commissions, interest, dividends and other profits. That it was not regarded as cash and was not in the safes of the corporation or in the bank, but was invested in other accounts, and to realize upon it a collection would have to be made from some one who owed the corporation on this account. This explanation makes it plain that the "reserve fund" was simply credits, or debts due the corporation. It has no concrete existence and is not by the law now in force taxable property, and comes within the principles of *McBryde vs. Kala,* decided by me in September last. (*Ante* p. 529.)

On this count judgment must be for the plaintiff.

The second count in the declaration is for $215.66, taxes on $28,754 worth of sugar shipped on board the American S. S. Alameda.

It is in evidence that there had been shipped by plaintiff corporation on board the Alameda some 5485 bags of sugar. The bill of lading is dated 28th June, 1884, and I think the proofs make it certain that it was all laden on board the vessel before the 1st July. The vessel sailed at about noon of the 1st July. The sugar was proved to be the property of some eight different corporations and individuals, of whom the plaintiff corporation was the agent, and was consigned to Welch & Co., of San Francisco, to whom the bill of lading had been mailed.

It is contended by plaintiffs that this sugar is not taxable:

1st. Because it was not the property of the plaintiff, but was the property of corporations which have corporate existence within this Kingdom, and of individuals within this Kingdom.

2d. Because the sugar, being laden on board of a foreign vessel, is not, in contemplation of law, within this Kingdom.

3d. Because the sugar was not in the possession, custody or control of the plaintiffs.

In my opinion, Sec. 32 of the Act of 1882, as well as other sections, make property assessable to the persons in whose possession or control it may be on the 1st of July of each year. The duty of ascertaining who the true owner may be is not cast upon the assessor. The law imposes taxes in *rem* and the *res* is taxable in the hands of the person holding it, and the collector need not look further. To require that each assessor should try and pass upon titles to personal property and decide correctly at the peril of losing to the State the tax upon it, would operate to encourage evasions and consequently to place heavier burdens on the honest. I think sugars in the hands of a corporation acting as a commission merchant or plantation agent are properly taxable to it.

The sugar was within this Kingdom, although laden in the hold of an American steamship. Any other construction would admit of articles of great value being placed on board of a

foreign vessel in the harbor on the 30th June, and returned on shore on the 2d July, and thus escape taxation. The case cited, *Crapo vs. Kelley,* 10 Wallace, 610, does not apply. This was a question whether the transfer of all the property of a debtor resident in Massachusetts, by a Judge of the Insolvent Court, passed the title to his assignee in insolvency of a ship then on the high seas. The Court held that for the purposes of this suit the ship, though on the high seas, was a portion of the territory of Massachusetts, and the title to her passed with the like effect as if she were physically within the limits of the State of Massachusetts, and so a subsequent attachment on her arrival in the port of New York was invalid.

The sugar, though its bills of lading were mailed to the consignees in a foreign port, was, for the purposes of taxation, still in the possession and control of the shipper.

On this count judgment must be for defendant.

*W. R. Austin,* for plaintiffs.

*Attorney-General Neumann,* for defendant.

Honolulu, February 6th, 1885.